# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of THE PETITION OF JOHN R. LEIVISKA AS THE OWNER OF A 2002 SEA-DOO XP PWC VESSEL AND A 2002 SEA-DOO GTX PWC VESSEL FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil No. 13-755 (JRT/LIB)<br><br>**ORDER** |

Thomas J. Evenson and Brian A. Wood, **LIND JENSEN SULLIVAN & PETERSON, PA**, 901 Marquette Avenue South, Suite 1300, Minneapolis, MN 55402, for petitioner.

Petitioner John R. Leiviska, as the owner of a 2002 Sea-Doo XP PWC vessel and a 2002 Sea-Doo GTX PWC vessel, has filed a petition pursuant to 46 U.S.C. §§ 30501 *et seq.*, claiming the right to exoneration from or limitation of liability for any claims that have arisen or may arise out of an incident that occurred on the Mississippi River near Cohasset, Minnesota, on or about July 2, 2012 ("the incident").[1] The procedures governing such petitions are set forth in Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Having reviewed the materials filed by petitioner on April 2, 2013, and June 19, 2013, **IT IS HEREBY ORDERED that**:

---

[1] The general limitation of liability that petitioner seeks to invoke provides as follows:

(a) In general.-- . . . [T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. . . .

(b) Claims subject to limitation.--Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

46 U.S.C. § 30505.

1. The bond by Travelers Casualty and Surety Company America [Docket No. 1-3] in the sum of seven thousand four hundred thirty seven dollars and thirty-one cents ($7,437.31) with interest thereon at six percent (6%) per annum from April 2, 2013, is hereby accepted by the Court as the value of the vessels.

2. Any claimant may by motion demand that the bond be increased on the ground that it is less than the value of petitioner's interest in the vessels.

3. Any claim not filed and served (in the manner described in the Notice accompanying this Order) by January 17, 2014, will be deemed forfeited.

4. Petitioner's attorney is ordered to publish the Notice, or cause the Notice to be published, in a newspaper published in Itasca County once a week for four (4) successive weeks beginning no later than thirty (30) days from the entry of this Order.

5. Petitioner's attorney is further ordered to mail a copy of the Notice to every known claimant and every known potential claimant not later than the day of the second publication of the Notice. This includes at least HealthPartners (the insurance company identified by petitioner in his Letter Brief filed on June 19, 2013), as well as the parents of each minor that was involved in the incident and each person that was involved in the incident.

6. All actions or proceedings against petitioner in relation to the incident are hereby enjoined from commencement or further prosecution, except as specified in this Order and the accompanying Notice.

DATED: September 18, 2013      s/ John R. Tunheim
at Minneapolis, Minnesota.      JOHN R. TUNHEIM
     United States District Judge